## In re Daniel D. DRAGASH, Debtor.

### Bankruptcy No. 93–01579–8P7.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 27, 1993.

Daniel A. Medeiros, Sarasota, FL, for debtor.

Meininger & Meininger, Tampa, FL, for Trustee.

Lauren P. Johnson, Trustee.

## ORDER ON OBJECTION TO CLAIM OF EXEMPTION

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing, with proper notice, upon an Objection to Claim of Exemption filed by Lauren P. Johnson (Trustee), the duly appointed Chapter 7 Trustee in the above-captioned Chapter 7 case. Daniel Dragash (Debtor) contends that the Objection was untimely and, based on this, the Court no longer has jurisdiction to consider the Objection. The facts relevant to the resolution of this controversy as they appear in the record are without dispute and are as follows:

On February 16, 1993, the Debtor filed his Petition for Relief under Chapter 7 of the Bankruptcy Code. In connection with the Petition, he filed his Schedules and Statement of Financial Affairs. On his Schedule C, the Debtor claimed as exempt personal property valued at $8,715.00, which included a 1984 Cadillac the Debtor valued at $7,000.00. The Debtor claimed that the automobile was encumbered by a lien securing the debt in the same amount and, therefore, he had no equity in the automobile.

The Trustee timely moved for an extension of time to file an Objection to Claim of Exemption. On April 9, 1993, this Court entered an Order granting the Motion, giving the Trustee until May 30, 1993 to file an Objection. May 30, 1993 fell on a Sunday, followed by May 31st, which was Memorial Day. On June 1, 1993, the Trustee filed the Objection.

In the Objection, the Trustee conceded that the automobile which the Debtor claimed as exempt was subject to a lien in the amount of $7,000.00, but claimed that she intended to commence an adversary proceeding to avoid the lien as a preference pursuant to § 547(b) of the Bankruptcy Code. Moreover, the Trustee contends that if she is able to set aside the lien as a preference, the Debtor's claim of exemption would exceed, by $7,715.00, the personal property exemption he is entitled to by Art. X, § 4 of the Florida Constitution.

On June 10, 1993, the Debtor filed a Response. In the Response, the Debtor claimed that the Trustee's Objection was untimely and should be disregarded, and, therefore, the Debtor was entitled to all of his claimed exemptions. Rule 9006(a) governs the computation of time, and provides in pertinent part:

### F.R.B.P. Rule 9006 TIME

(a) **Computation.** In computing any period of time prescribed or allowed by these rules or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, *by order of court,* or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days ... (emphasis supplied)

 The plain language of this Rule leaves no doubt that when a deadline fixed by an order of the court falls on a nonbusiness day, the deadline is extended until the next business day. May 30, 1993, the deadline prescribed by the Court, was a Sunday followed by Memorial Day on May 31, 1993. The next business day, therefore, was Tuesday, June 1, which was the date on which Trustee filed her Objection. Although this Court fixed a specific date on or by which the Trustee's Objection had to be filed instead of a "period of time," common sense dictates that Rule 9006(a) still governs. The purpose of the rule is to avoid a forfeiture of rights when a deadline falls on a day when the courts are closed for business. *Matter of American Healthcare Management, Inc.,* 900 F.2d 827 (5th Cir.1990).

 When this Court determined that it would extend the time-frame in which the Trustee could object, this Court was not constrained by a certain time-period prescribed by the Rules or Code. The Court merely chose a date it deemed appropriate by which the Trustee had to file an Objection. Had

the Court been aware that May 30th was a Sunday, surely it would have chosen the next non-holiday weekday as the deadline, i.e., Tuesday, June 1, 1993. In view of the foregoing, this Court is satisfied that the Trustee's Objection was timely filed.

 This Court is not unaware of the case *In re Peacock*, 129 B.R. 290 (Bankr.M.D.Fla. 1991), decided in this district in 1991. In that case, subsequent to the debtor's discharge, the debtor amended his Schedules to add the plaintiff as a creditor. The court determined that the creditor's § 523 complaint was untimely when the deadline for the creditor to file the complaint was January 6, 1991, a Sunday, and the creditor filed the complaint on Monday, January 7th. The Bankruptcy Court held that the time period established by Rule 4007(c), which prescribes the time for filing a complaint seeking an exception from discharge under § 523(c), is in the nature of a statute of limitations and that Rule 9006(a) does not apply. Notwithstanding *Peacock*, this Court is satisfied that the time limitations prescribed by the Bankruptcy Rules are not in the nature of a statute of limitations.

The language of F.R.B.P. 9006(a) expressly provides that in computing any period of time prescribed or allowed by the Federal Rules of Bankruptcy Procedure or by Federal Rules of Civil Procedure, or by order of the court, the first day shall not be included but the last day of the period is included unless it is a Saturday, Sunday, or legal holiday. Based on the foregoing, this Court is satisfied that the date fixed by the Order of this Court which granted a timely Motion to Extend the Time to file an objection to claim was, by error, fixed for a non-business day. Accordingly, pursuant to F.R.B.P. 9006(a) the appropriate time to file the objection was the next business day, which in this instance was the following Tuesday, June 1st. Therefore, this Court is satisfied that the Trustee's Objection to Claim of Exemption was timely filed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to Claim of Exemption is determined to be timely, and the matter shall be rescheduled to consider the Trustee's Objection to Claim of Exemption in this case. The hearing shall be noticed by a special notice.

DONE AND ORDERED.