**In re Gilberto A. LOPEZ and Esther Leonor Lopez, Debtors.**

**Bankruptcy No. LA 98–28129–ER.**

United States Bankruptcy Court, C.D. California, Los Angeles Division.

Aug. 12, 1998.

Andrew Caine, Pachulski, Stang, Ziehl & Young, Los Angeles, CA, for Sears, Roebuck & Company.

## MEMORANDUM OF DECISION

ERNEST M. ROBLES, Bankruptcy Judge.

### I.  JURISDICTION

This court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(a) (1998) (the district courts shall have original and exclusive jurisdiction of all cases under Title 11), 28 U.S.C. § 157(a) (1998) (authorizing the district courts to refer all Title 11 cases and proceedings to the bankruptcy judges for the Central District of California), and General

Order No. 266, dated October 9, 1984 (referring all Title 11 cases and proceedings to the bankruptcy judges for the Central District of California). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O) (1998) (other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims).

## II. STATEMENT OF FACTS

On May 6, 1998, Gilberto A. Lopez and Esther Leonor Lopez ("Debtors") filed a voluntary petition under chapter 7 of the Bankruptcy Code (the "Code").[1] June 11, 1998, was set as the date for the meeting of creditors pursuant to § 341(a). The Debtors attended the creditors meeting and there signed a Memorandum of Redemption (the "Agreement"). The Agreement was also signed by a representative of Sears Roebuck and Company ("Sears"). Although the Debtors are represented by counsel, their attorney did not sign the Agreement.

The Agreement provides that the Debtors are to pay Sears $82.75 in order to retain possession of a video cassette recorder, and are to pay Sears $197.96 in order to retain possession of a television set (collectively, the "Property"). Pursuant to the Agreement, the total "Agreed Value" of the Property is $280.70. The Agreement does not clearly state the date of the agreed valuation or the date on which the Debtors are to pay the $280.70 to Sears.

On June 15, 1998, the Agreement was filed by Sears with the clerk's office together with a Memorandum in Support of the Agreement. Sears requested that a hearing be held regarding the Agreement.[2] A hearing was set for July 29, 1998. Counsel for Sears attended the hearing and submitted copies of sales receipts to the court. No other appearances were made on the Record. After oral argument, the court took this matter under submission to determine whether approval of

the Agreement by the court was necessary, and if necessary, whether the Agreement should be approved. For the reasons stated below, the Agreement is disapproved.

## III. DISCUSSION

### A. The Need for Court Approval

Sears asserts that it does not need court approval of a redemption agreement in order to have such agreements be binding on the parties thereto. In fact, Sears asserts that it need not even file such agreements with the court and that it has done so here voluntarily. Sears' position is not supported by the Code or by the Federal Rules of Bankruptcy Procedure.

11 U.S.C. § 722 provides:

> An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under section 522 of this title or has been abandoned under section 554 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien.

Section 722 does not explicitly state whether redemption agreements must be filed with the court or whether court approval of these agreements is required. However, court involvement in the redemption process is implied by the requirements of this section.

### 1. Section 722

■ "Section 722 only applies if the debtor's interest in the property is exempt or has been abandoned." S.Rep. No. 95–989, 95th Cong., 2d Sess. 95 (1978). The plain language of § 722 provides that a debtor may only redeem property if the property is exempted under § 522 or abandoned under § 554. Perhaps anticipating this require-

---

1. The Code is set forth in 11 U.S.C. §§ 101–1330 (1998). All references to code sections are to the Code unless otherwise indicated.

2. In this court, hearings on redemption agreements are not set by the parties. If the redemp-

tion agreement is defective on its face, then it is rejected without a hearing. If a hearing on a redemption agreement is appropriate, such hearing is set and notice is provided by the court.

ment, the Agreement provides that "[t]he above listed property is ... either exempted under Section 522 of the Bankruptcy Code or was abandoned under Section 554 of the Bankruptcy Code." This wording appears as part of the preprinted text of the Agreement. Review by the court is needed to determine the accuracy of this preprinted statement. If the Property is not exempt or abandoned, it remains property of the estate pursuant to § 541, and the Debtors would lack standing to dispose of the Property.

Section 541(a) provides: "The commencement of a case under ... this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: ... all legal or equitable interests of the debtor in property as of the commencement of the case." The Debtors' Property is property of the estate over which this court has jurisdiction. The legislative history of § 541(a) provides that "[a]fter the property comes into the estate, then the debtor is permitted to exempt it under ... § 522, and the court will have jurisdiction to determine what property may be exempted and what remains as property of the estate." S.Rep. No. 95–989, 95th Cong., 2d Sess. 82–83 (1978).

■ Section 522(1) states that "[t]he debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section...." The court's task has been complicated in this matter because the Debtors have neither provided the court with a copy of the Debtors' Schedule C—Property Claimed Exempt—nor requested that the court take judicial notice of the Debtors' Schedules. This information is important because, even if no objection is filed, property is not exempted by operation of law under § 522 unless it is included on a list of property claimed as exempt. *Mercer v. Monzack*, 53 F.3d 1, 3 (1st Cir.1995). The court has reviewed the Debtors' Schedules sua sponte and notes that the Debtors claim a $500

exemption in "household goods and furnishings" pursuant to California Civil Procedure Code § 703.140(b)(5).[3] This exemption covers the Property.

Section 522(1) states that "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." Pursuant to § 522(1), because the Debtors listed the Property as exempt, the Property is exempt unless a proper party makes a timely objection. Federal Rule of Bankruptcy Procedure 4003 provides that "[t]he trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors ..." The creditors meeting in the Debtors' case was held and concluded on June 11, 1998. Therefore, the period for objection did not expire until July 13, 1998.[4] Sears filed the Agreement on June 15, 1998. Court review of the Agreement is necessary because the objection period had not expired and the exemption may have been disallowed.

The Agreement states that the Property is **either** exempted under § 522 or abandoned under § 554. The reference to abandonment in the Agreement does not obviate the need for court review. Section 554(c) provides: "Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title." The Property was properly scheduled by the Debtors. However, the Debtors' case is not closed and was not closed at the time the Agreement was signed or filed. Therefore, the Property was not abandoned pursuant to § 554(c).

■ Property may also be abandoned pursuant to § 554(b). Section 554(b) provides that "[o]n request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit

---

**3.** California has opted out of the federal exemption scheme, and thus under California law, a debtor can only claim exemptions pursuant to California law and any applicable non-federal Bankruptcy Law. CAL. CIV. PROC. CODE § 703.130.

**4.** The thirty-day objection period prescribed in Rule 4003(b) ended on Saturday, July 11, 1998. Pursuant to the computation of time set forth in Rule 9006(a), the deadline was extended to July 13, 1998. *See In re Dragash*, 164 B.R. 676 (Bankr.M.D.Fla.1993).

to the estate." A review of the bankruptcy docket in this case reveals that no notice of abandonment has been filed, no hearing regarding abandonment has been held, and no order of abandonment has been entered. Therefore, the Property was not abandoned pursuant to § 554(b). If the court were not involved in the redemption process, these facts would not have come to the court's attention. Court review of redemption agreements is necessary to determine the accuracy of statements contained in the agreements, especially when the agreements purport to dispose of property of the estate.

Section 722 contemplates that courts will exercise their jurisdiction to enforce the requirements of that section. Section 722 explains that redemption is accomplished by the debtor "paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien." This language serves to guide courts and well as debtors to the proper redemption amount. The amount of the allowed secured claim may be determined by looking to § 506(a) [5].

■ Bankruptcy courts are familiar with valuing assets for the purposes of § 506. However, Sears suggests that the court should only involve itself in the redemption process if a debtor and creditor dispute the amount to be redeemed. There is no reason to suppose that the court is bound by the parties' valuation. Bankruptcy courts are not bound by a state court valuation of property. *In re Graham*, 123 B.R. 330 (Bankr. W.D.Mo.1990). Bankruptcy courts are not bound to follow the appraisals of experts as to value. *Harris v. Household Realty Corp. (In re Harris)*, 1998 WL 318724 (Bankr. E.D.Pa.1998); *In re Anderson*, 88 B.R. 877 (Bankr.N.D.Ind.1988); *In re Noyes*, 62 B.R. 115 (Bankr.D.Neb.1986). "[A] bankruptcy court is not bound by a unilateral and oftentimes artificial value as established in a re-

purchase agreement." *Terre Haute Nat'l Bank v. Davis (In re Davis)*, 20 B.R. 212, 213 (C.D.Ill.1982) (rejecting value established in repurchase agreement as dispositive of redemption value). Although it is clear that the role of the court is greater when the value of property is in dispute, it does not follow that the role of the court is nonexistent when a debtor and creditor have stipulated to a value.

In Sears' view, the court should not review a redemption agreement even if the agreed amount is egregiously high or low. It is unwise for the court to abdicate its responsibilities and § 722 does not require that it do so. The court is concerned that the value agreed to by the parties may differ from the value provided in a debtor's schedules. Here, the Debtors' Schedule B—Personal Property—indicates that the value of the Property is $250. That value differs from the "agreed value" in the Agreement. A debtor's bankruptcy schedules are signed under penalty of perjury. *See*, 28 U.S.C. § 1746. Although the discrepancy is slight here, the court is concerned that debtors may sign redemption agreements that contradict their bankruptcy schedules.

2. *Rule 6008*

■ Federal Rule of Bankruptcy Procedure 6008 requires that redemption agreements be filed with the court. Rule 6008 provides:

On motion by the debtor, trustee, or debtor in possession and after hearing on notice as the court may direct, the court may authorize the redemption of property from a lien or from a sale to enforce a lien in accordance with applicable law.

Rule 6008 clearly calls for a motion and a noticed hearing. Consistent with its reading of § 722, Sears asserts that Rule 6008 only requires a motion and hearing when a dis-

5. 11 U.S.C. § 506(a) provides:
An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 533 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the

extent that the value of such creditor's interest or the amount of so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditors interest.

pute as to value exists. Although a dispute as to value is one reason for holding a hearing, the language of Rule 6008 does not support the view that this is the sole basis for a hearing. Rule 6008 does not mention valuation at all. The Rule does say that the court "may" authorize the redemption of property. This implies that the court may decide in appropriate circumstances not to authorize the agreement. Whether or not the redemption agreement is approved, Rule 6008 clearly indicates that the court is involved in the redemption process. If Rule 6008 were intended to limit the court's role to determining the appropriate redemption value of property, one would expect the Rule refer to valuation or to § 506. This court is not inclined to deviate from the plain language of Rule 6008 and circumscribe its effect in the manner suggested by Sears.

### B. Disapproval of the Agreement

■ One bankruptcy treatise states that "Rule 6008 is written in the subjunctive and thus merely provides that if a motion for redemption is filed, the court has the discretion to authorize it." 10 COLLIER ON BANKRUPTCY ¶ 6008.03 n. 3 (Lawrence P. King ed., 15th ed.1998). This court respectfully disagrees with that view. If motions for approval of redemption agreements were optional, Rule 6008 would be superfluous. If a dispute arose regarding redemption pursuant to § 722, the parties would simply proceed under Rule 9014 regarding contested matters. The better reasoned view of Rule 6008 is that it requires the filing of a motion seeking approval of the redemption agreement.

The Debtors have not filed a motion for approval of the Agreement. Sears filed the Agreement and a Memorandum in Support of the Agreement. However, Rule 6008 clearly requires that the motion be made by the debtor (or trustee or debtor in possession). Rule 6008 does not grant a creditor standing to bring the motion. Because the Agreement is not properly before the court on the Debtors' motion, it must be disapproved.

The legislative history of § 722 states that "[t]he debtor will be required to pay the fair market value of the goods or the amount of the claim if the claim is less." S.Rep. No. 95–989, 95th Cong., 2d Sess. 95 (1978). The Debtors and Sears have agreed that the total value of the Property is $280.70. This value is derived from a depreciation table prepared by Sears and Deloitte & Touche with respect to many of the items sold by Sears. The methodology of the valuation is reasonable and here reflects that the Property is worth 36% of the original price. The Property was purchased on April 6, 1997.

■ The Agreement is dated June 11, 1998, and it appears that the agreed value is also supposed to reflect that date. As noted above, the court requires a hearing on motions for approval of redemption. The proper date for valuation of the Property is the date of the hearing on the redemption motion. In re King, 75 B.R. 287, 290 (Bankr. S.D.Ohio 1987); In re Pierce, 5 B.R. 346 (Bankr.D.Neb.1980). Based on Sears' calculations, the Property is of a type that depreciates rapidly. Therefore, the Agreement should provide for an agreed value as of the date of the hearing on the redemption motion.

■ The Agreement also contains a significant typographical error. The Agreement states that the Debtors will pay the agreed redemption amount "by $280.70." It is clear that the parties intended to provide a deadline for payment. Although § 524(f) provides that "[n]othing . . . prevents a debtor from voluntarily repaying any debt[,]" the date of repayment is significant because it marks the termination date for Sears' security interest. This court will not approve a redemption agreement that fails to provide for a lump sum payment by a specific date.

### IV. CONCLUSION

Court approval of redemption agreements is required by the Code and by the Federal Rules of Bankruptcy Procedure. Therefore, such agreements must be filed with the court, and if appropriate, the court will set a hearing on approval of the agreement. Because the Debtors did not file a motion for approval of the Agreement, and due to sever-

al defects in the Agreement, the Agreement is DISAPPROVED without prejudice.