NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | ) BAP No. CC-12-1164-PaMkBe |
| ALVIN LABOSTRIE and SANDRA LABOSTRIE, | ) Bankr. No. LA 12-11261-RN |
| Debtors. | ) |
| _____ | ) |
| ALVIN LABOSTRIE; SANDRA LABOSTRIE, | ) |
| Appellants, | ) |
| v. | ) **M E M O R A N D U M**[1] |
| L.A. FINANCIAL CREDIT UNION; ROSENDO GONZALEZ, Chapter 7 Trustee,[2] | ) |
| Appellees. | ) |
| _____ | ) |

Submitted Without Oral Argument
on November 15, 2012[3]

Filed - December 14, 2012

Appeal from the United States Bankruptcy Court
for the Central District of California

Hon. Richard M. Neiter, Bankruptcy Judge, Presiding

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[2] Chapter 7 trustee, Rosendo Gonzalez, was named as an appellee in this case. However, the trustee did not file a brief or otherwise participate in this appeal.

[3] After examination of the briefs and record, and after notice to the parties, the Panel unanimously determined that oral argument was not needed in an order entered October 4, 2012. Fed. R. Bankr. P. 8012.

-1-

Appearances:    Appellants Alvin LaBostrie, Sr. and Sandra
                LaBostrie pro se on brief; Bruce Paul Needleman,
                Esq. on brief for appellee L.A. Financial Credit
                Union.

Before: PAPPAS, MARKELL, and BEESLEY,[4] Bankruptcy Judges.

Appellants, chapter 7[5] debtors Alvin and Sandra LaBostrie ("Debtors"), appeal the decision of the bankruptcy court determining the redemption value of their 2005 Ford Freestyle SE (the "Vehicle") pursuant to § 722 to be $7,500, and granting stay relief to their creditor, appellee L.A. Financial Credit Union ("Creditor"). We AFFIRM.

**FACTS**

On January 13, 2012, Debtors filed a pro se petition for relief under chapter 7. In their schedule D filed with the petition, Debtors listed Creditor as a secured creditor for a "vehicle loan" in the amount of $13,000. They listed the value of the Vehicle securing Creditor's debt as $1,400.

On February 6, 2012, Creditor filed a motion for relief from the automatic stay seeking leave of the bankruptcy court to enforce the security interest it claimed in the Vehicle. In the motion, Creditor, presumably relying on Debtors' schedules, also listed the value of the Vehicle at $1,400. A hearing on the

---

[4]   The Honorable Bruce T. Beesley, U.S. Bankruptcy Judge for the District of Nevada, sitting by designation.

[5]   Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

motion was set for March 13, 2012.

On February 22, 2012, Debtors filed a motion to redeem the Vehicle pursuant to § 722. In the motion, Debtors alleged that the redemption value of the Vehicle was $1,265 based on an online Kelley Blue Book report, less the amount of Debtors' California state law exemption in the Vehicle of $2,500. Creditor opposed Debtors' motion arguing that, according to a different Kelley Blue Book online report, the value of the Vehicle was actually $11,056. Creditor also disputed Debtors' suggestion that their exemption in the Vehicle would reduce the amount they were required to pay to redeem the Vehicle. Debtors' motion was also set for hearing on March 13, 2012.

At the hearing on Debtors' motion for redemption and Creditor's motion for stay relief, the bankruptcy court questioned Mr. LaBostrie about the valuation of the Vehicle in Debtors' redemption motion of $1,265. Mr. LaBostrie explained that he used an online version of Kelley Blue Book which valued the Vehicle at $3,990 to $5,265. He then subtracted from that value Debtors' California automobile exemption of $2,500.[6] The court advised Mr. LaBostrie that he could not deduct an exemption from the value of collateral in which he held no equity. In response, Mr. LaBostrie stated that he would pay $3,990 to Creditor to redeem the Vehicle, which he characterized as a fair value. He then described the Vehicle, representing to the bankruptcy court that it had been driven over 155,000 miles and that it needed

---

[6] Using the lowest value provided by Debtors of $3,990, and subtracting the exemption amount of $2,500, even if this had been proper, it is unclear from the record how Debtors concluded that $1,265 was the value of the Vehicle.

-3-

repairs. The bankruptcy court advised Mr. LaBostrie that it was required to determine the retail value of the Vehicle, and Debtors would be required to pay that amount to Creditor in order to redeem it. Mr. LaBostrie argued that, although the $3,990 represented the trade-in value in the report, in his view, it was also the retail value of the Vehicle.

Creditor's counsel argued that, considering the age, condition, and mileage for the Vehicle, as described by Mr. LaBostrie, its value was $9,500. At that point, the court asked the parties to confer outside the courtroom, suggesting that they should reach a compromise for the value. If the parties were unable to agree on a value after a conference, the court stated that it would determine the value. The parties were unable to agree on a value.

The court found the value of the Vehicle to be $7,500, explaining that the trade-in value of $3,990, as argued by Debtors, was not the correct valuation. Rather, the court concluded, retail value was the appropriate valuation. The court then noted that when the condition and mileage of the Vehicle as described by Mr. LaBostrie was considered, an appropriate retail value was $7,500. The court informed Debtors that they could redeem the Vehicle for that amount within ten days, but if they failed to do so, Creditor would be allowed to pursue its state law rights in the Vehicle. The court granted Creditor's motion for relief from the automatic stay, but allowed Debtors ten days to redeem the Vehicle for the retail value of $7,500.

The bankruptcy court entered an order setting the redemption value of the Vehicle at $7,500 on March 15, 2012. On the same

-4-

day, the court entered an order granting relief from the automatic stay providing Debtors ten days to redeem the vehicle for $7,500 before the automatic stay order became effective.

Debtors filed a notice of appeal on March 22, 2012.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(K) and (O). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Whether the bankruptcy court erred in valuing the Vehicle at $7,500 for purposes of redemption under § 722.

**STANDARD OF REVIEW**

"The determination of value is a factual finding. It is reviewed under the clearly erroneous standard." Tuma v. Firstmark Leasing Corp. (In re Tuma), 916 F.2d 488, 491 (9th Cir. 1990) (internal citations omitted). "Clearly erroneous review is significantly deferential, requiring that the appellate court accept the [trial] court's findings absent a definite and firm conviction that a mistake has been made." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

To the extent that this appeal requires the Panel to review the bankruptcy court's interpretation of § 506(a)(2), its decision is reviewed de novo. Nash v. Clark Cnty. Dist. Atty's Office, et al. (In re Nash), 464 B.R. 874, 878 (9th Cir. BAP 2012) (citing Smith v. Rojas (In re Smith), 435 B.R. 637, 642-43 (9th Cir. BAP 2010)).

**DISCUSSION**

On appeal, Debtors argue that the bankruptcy court abused its

-5-

discretion in setting the redemption value of the Vehicle because the court: (1) did not consider the value of the Vehicle listed in Creditor's motion for relief from the automatic stay; (2) did not set the value of the Vehicle based on Debtors' schedules and other exhibits; (3) did not consider Debtors' exemptions in fixing the value of the Vehicle; (4) did not properly apply § 506(a) in valuing the Vehicle; and (5) did not make adequate findings of fact based on all the evidence presented. Debtors' arguments lack merit.

**I.  Applicable Law: Sections 722 and 506(a)**

Section 722 provides:

> An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under section 522 of this title or has been abandoned under section 554 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien in full at the time of redemption.

A lien is a "charge against or interest in property to secure payment of a debt or performance of an obligation." § 101(37). The amount of an "allowed secured claim" that must be paid to a secured creditor to redeem collateral from a lien is determined by reference to § 506(a). In re Morales, 387 B.R. 36, 39 (Bankr. C.D. Cal. 2008). Section 506(a) provides:

> (a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's

interest . . . is less than the amount of such allowed claim . . . .

(2) If the debtor is an individual in a case under chapter 7 or 13, such value with respect to personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing. With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined.

Determining the replacement value of collateral for purposes of § 506(a) is done on a case-by-case basis. Taffi v. United States (In re Taffi), 96 F.3d 1190, 1193 (9th Cir. 1996); see also In re Morales, 387 B.R. at 41. "[T]he proper measure of the replacement value of a vehicle is its retail value [but] an adjustment to that value may be necessary: A creditor should not receive portions of the retail price, if any, that reflect the value of items the debtor does not receive when he retains his vehicle . . . ." Assocs. Commercial Corp. v. Rash, 520 U.S. 953, 965 n.6 (1997).

Methods used by bankruptcy courts for determining the replacement value for vehicles vary, but consideration of the Kelley Blue Book retail values, at least as a starting point, has been endorsed by courts. See In re De Anda-Ramirez, 359 B.R. 794, 796-97 (10th Cir. BAP 2007) (noting that Kelley Blue Book is not determinative of retail replacement value but holding that the bankruptcy court's reliance on Kelley Blue Book for the retail replacement value was not clearly erroneous); see also In re Araujo, 464 B.R. 15, 21 (Bankr. N.D. Cal. 2011); In re Martinez,

409 B.R. 35, 40 (Bankr. S.D.N.Y. 2009); In re Cook, 415 B.R. 529, 535 (Bankr. D. Kan. 2009); In re Morales, 387 B.R. at 47-48.

Because the language of § 506(a)(2) is arguably contradictory,[7] the timing of determining the replacement value of collateral under § 722 is subject to some debate. See In re Morales, 387 B.R. at 43 (discussing cases holding that the petition date is the correct date to determine the replacement value, those holding that the date of the hearing on value is the valuation date, and holding that the petition date is the most appropriate date); but see 6 COLLIER ON BANKRUPTCY ¶ 722.05[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed., 2012) (stating "most courts have held that, for purposes of redemption, valuation should ordinarily be as of the date of the redemption proceeding" and noting that conclusion is supported by the second sentence of § 506(a)(2)); In re Cook, 415 B.R. at 534 (disagreeing with Morales and stating that the appropriate time for determination of the replacement value is the time of the hearing on value). Here, Debtors and Creditor both submitted evidence presumably to show the value of the Vehicle as of the date of the hearing in the bankruptcy court. Therefore, whether the valuation of the Vehicle should have been made as of the petition date or hearing date is not at issue.

---

[7] The first sentence of § 506(a)(2) states that "value with respect to personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of filing the petition . . . ." However, in the next sentence, the statute provides that "replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined." (emphasis added).

-8-

**II. Analysis and Disposition.**

Creditor does not dispute that its lien on the Vehicle is subject to redemption by Debtors under § 722. The sole issue on appeal is whether the bankruptcy court erred in its valuation of the Vehicle for redemption purposes and in the order granting relief from the automatic stay. As a question of fact, we review the bankruptcy court's determination of the Vehicle's value under the clearly erroneous standard. As to the bankruptcy court's interpretation of § 506(a)(2), we review de novo.

Debtors assign five different types of error at the bankruptcy court's conclusion as to the value of the Vehicle for § 722 purposes and in the order granting relief from the automatic stay. Each will be addressed in turn.

A. The value in creditor's motion for relief from the automatic stay is not dispositive.

The fact that Creditor stated the value of the Vehicle to be $1,400 in its motion for relief from the automatic stay, and later changed it to $11,056 in opposition to Debtors' redemption motion, is of little consequence in this case. The bankruptcy court, as the fact-finder, is the arbiter of the redemption value under § 722 and the value of a lien pursuant to § 506(a)(2). See § 105(a); Rules 3012 and 6008; see also In re Lopez, 224 B.R. 439, 443 (Bankr. C.D. Cal. 1998) (holding that the bankruptcy court determines the value of the collateral pursuant to § 722 regardless of other valuation processes). That the bankruptcy court did not adopt Creditor's allegations concerning the value of the Vehicle does not render the bankruptcy court's decision concerning value clearly erroneous.

-9-

<u>B. The value placed by Debtors on the Vehicle in their Schedules and Exhibits was properly considered by the bankruptcy court and rejected.</u>

The bankruptcy court considered Debtors' motion to redeem and the values provided for the Vehicle in that motion. The court determined that the values provided by Debtors were not the replacement value as required by § 506(a)(2). The court then adjusted the retail book value to account for the age and condition of the Vehicle in reaching its final conclusion concerning the value of the Vehicle.

The bankruptcy court did not commit clear error when it considered the values offered by Debtors in their motion and schedules but rejected them in favor of a higher valuation for § 722 purposes.

<u>C. The bankruptcy court properly held that exemptions do not apply to collateral in which debtors have no equity.</u>

A debtor may not claim an exemption in property that is wholly encumbered by a consensual lien. <u>See</u> <u>Owen v. Owen</u>, 500 U.S. 305, 308 (1991) (stating, "since the equitable interest does not pass to the estate, neither can it pass to the debtor as an exempt interest in property.") (and citing <u>Long v. Bullard</u>, 117 U.S. 617 (1886)). Under § 506(a)(2), Creditor's allowed claim was the "replacement value" of the Vehicle which means "the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined." Because there was no dispute that the debt owed by Debtors to Creditor exceeded the value of the Vehicle, Debtors' claim of an exemption in the Vehicle is of no import in determining the amount of Creditor's allowed secured claim. In

-10-

other words, since they lacked any equity in the Vehicle, nothing in the Code would allow Debtors to utilize their state law exemptions to reduce the value of the Vehicle for § 722 purposes. See, e.g., In re Longmore, 273 B.R. 633, 635 (Bankr. D. Nev. 2001) (stating "[w]here a vehicle is over-encumbered and thus has no equity, there is no exemptible interest."). Therefore, the bankruptcy court did not err when it rejected Debtors' attempt to use their statutory exemption to reduce the value of the Vehicle for § 722 purposes.

### D. The bankruptcy court applied the correct legal standard under § 506(a).

As the bankruptcy court correctly observed at the hearing on March 13, and as the Supreme Court instructed in Rash, § 506(a)(2) requires that replacement value be used to determine the amount of Creditor's allowed secured claim in the Vehicle. In determining that replacement value, the bankruptcy court considered the evidence presented by the parties. The court reviewed the Kelley Blue Book information submitted by each of the parties, and listened to Mr. LaBostrie's description of the current condition of the Vehicle. When the parties were unsuccessful in privately resolving this value issue, the court adopted a value different from that urged by either party. The court declined to adopt the low, trade-in book value offered by Debtors; it also reduced the value as submitted by Creditor after taking into consideration the age and condition of the Vehicle. In arriving at its value, the court expressly noted the condition and mileage of the Vehicle as represented by Mr. LaBostrie, and that the Vehicle needed repairs. It is unclear from the record at what point in time the bankruptcy

-11-

court was determining the value – whether the court fixed the Vehicle's value as of the hearing date or the petition date. However, because the parties also did not offer different values for the Vehicle for each of the two possible dates, we presume the court properly determined the value of the Vehicle at the time of the hearing. Regardless, the bankruptcy court correctly interpreted § 506(a)(2) to require replacement value to be determined as the retail value and there is no basis to conclude that the bankruptcy court clearly erred in assessing the value of the Vehicle under that standard.

### E. The bankruptcy court made adequate findings of fact and its valuation of the vehicle was not clearly erroneous.

Debtors argue that, "[t]he Trial Judge erred with its decision not to remain partial [sic]" in deciding the value of the vehicle pursuant to § 506(a). Debtors' Br. at 4. Debtors claim further error in the bankruptcy court's ruling based on the negotiations of the parties before the court determined the value of the Vehicle. We disagree.

Rule 6008 provides that, "[o]n motion by the debtor . . . and after hearing on notice as the court may direct, the court may authorize the redemption of property from a lien . . . ." Rule 9014, governing contested matters, supplied the procedural rules applicable to resolving the issues raised by Debtors' motion to redeem the Vehicle.

Regardless of the parties' prior negotiations, the bankruptcy court is the finder of fact. Under the Code and Rules, the court conducted a hearing at which the parties submitted evidence and were otherwise heard. The court then entered oral findings of

-12-

fact on the record in accordance with Rule 7052. <u>Williams v. Eli Levi et al. (In re Williams)</u>, 323 B.R. 691, 700 (9th Cir. BAP 2005); <u>In re Harris</u>, 279 B.R. 254, 260 (9th Cir. BAP 2002). From the hearing transcript, it is evident that the bankruptcy court properly interpreted § 506(a)(2) and considered the Kelley Blue Book information submitted by the parties as a starting point in fixing the value of the Vehicle. It concluded that neither book value represented the correct replacement value based upon its findings concerning the Vehicle's condition and mileage, and its need of repairs. The bankruptcy court then decided, as its ultimate finding of fact, that the replacement value of the Vehicle was $7,500. In this process, the bankruptcy court correctly interpreted § 506(a)(2) and committed no clear error in valuing the Vehicle.

**CONCLUSION**

We AFFIRM the order of bankruptcy court.